840 F.2d 18
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary Louise WALLACE, widow of Russell W. Wallace, deceased, Petitioner,
v.
CONSOLIDATION COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 87-3353.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1988.
 
 Before LIVELY, Chief Judge, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The petitioner seeks review of a decision of the Benefits Review Board denying her deceased husband's application for black lung disability benefits. The Benefits Review Board affirmed a decision of an administrative law judge entered after an evidentiary hearing.
 
 
 2
 The ALJ found that the applicant was entitled to a presumption of total disability due to pneumoconiosis pursuant to 20 C.F.R. Sec. 727.203(a)(1), but that the respondent had successfully rebutted the presumption with evidence that the applicant was not disabled by reason of his coal mine employment. This medical proof was to the effect that the applicant was disabled by reason of a combination of circumstances including his history of smoking, his obesity and the presence of cardiovascular disease. Thus the ALJ found that the presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(3).
 
 
 3
 In seeking review in this court the petitioner argues that the ALJ did not properly apply our decision in Gibas v. Saginaw Mining Co., 748 F.2d 1112 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985). In Gibas we held that the presumption can only be rebutted under section 727.203(b)(3) by a showing that total disability did not arise in whole or in part out of coal mine employment. The petitioner argues that the respondent only proved that the applicant's total disability did not arise in whole out of coal mine employment, but failed to show that disability did not arise at least in part out of such employment. At oral argument the petitioner also contended that the ALJ made a clearly erroneous finding of fact and that the Benefits Review Board acted beyond its authority in attempting to remedy this error.
 
 
 4
 Upon consideration of the briefs and oral argument of counsel together with the record on appeal, this court concludes that the Benefits Review Board did not err in affirming the decision of the ALJ denying benefits. The Board's interpretation of the ALJ's decision is reasonable and certainly not beyond its authority. This case presents nothing more than the question of whether the final decision is supported by substantial evidence on the record as a whole. In its decision the Benefits Review Board identified the evidence of an examining physician who stated without qualification that the applicant's disability did not arise from coal mine employment. This was sufficient to satisfy the substantial evidence requirement.
 
 
 5
 The petition for review is denied and the decision of the Benefits Review Board is affirmed.